UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLOTTE SMALLWOOD-WOLF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 1:22CV373-PPS/JPK |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Charlotte Smallwood-Wolf applied for supplemental security income benefits in June 2020 when she was 42 years old. Smallwood claims to have been disabled as of the date of that filing.  An administrative law judge held a hearing at which Smallwood, her life skills coach, and a vocational expert testified.  [DE AR at 11.]  The ALJ found that Smallwood has a number of severe impairments:  fibromyalgia, chronic pain syndrome, migraines, attention deficit hyperactivity disorder, schizoaffective disorder, bipolar type, depressive disorder panic disorder, history of opioid dependence addiction and opioid use disorder.  [AR 14.]  None of those impairments, considered singly or in combination, were found to be presumptively disabling.  [AR 14.]  The ALJ determined that Smallwood has no past relevant work, and FICA records indicate that Smallwood has had no earnings since 2004.  [AR 24, 235.]  The ALJ concluded that Smallwood has the residual functional capacity to perform light work with specified limitations, and that she is not disabled. [AR 17, 26.]  The Appeals Council denied Smallwood's request

for review, after which Smallwood initiated this appeal for judicial review of the denial of benefits.

Smallwood attended college for two years. [AR 39.] She has two daughters, one of whom is a minor who lives with Smallwood's mother and sister because Smallwood says she is unable to provide the "routine and consistency" the girl needs. [AR 53.] Smallwood testified to her experience of manic highs when her thoughts race, she has trouble sleeping, and she handwrites books that she thinks are genius at the time but later can't read her handwriting. [AR 46-47.] She testified to periods of depression when she can hardly get out of bed and can't get anything done because it's as if she's walking through mud just to move at all. [AR 47-48.] Smallwood has a history of opioid dependence but testified before the ALJ that she had been sober without using opioids, marijuana or alcohol for over a year. [AR 51, 58.]

## Standards Governing My Review

In a Social Security disability appeal, my role as district court judge is limited. It is not for me to determine whether someone is disabled. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g). The Supreme Court has said that "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

2

for review, after which Smallwood initiated this appeal for judicial review of the denial of benefits.

Smallwood attended college for two years. [AR 39.] She has two daughters, one of whom is a minor who lives with Smallwood's mother and sister because Smallwood says she is unable to provide the "routine and consistency" the girl needs. [AR 53.] Smallwood testified to her experience of manic highs when her thoughts race, she has trouble sleeping, and she handwrites books that she thinks are genius at the time but later can't read her handwriting. [AR 46-47.] She testified to periods of depression when she can hardly get out of bed and can't get anything done because it's as if she's walking through mud just to move at all. [AR 47-48.] Smallwood has a history of opioid dependence but testified before the ALJ that she had been sober without using opioids, marijuana or alcohol for over a year. [AR 51, 58.]

## Standards Governing My Review

In a Social Security disability appeal, my role as district court judge is limited. It is not for me to determine whether someone is disabled. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g). The Supreme Court has said that "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion. *Durham v. Kijakazi*, 53 F.4th 1089, 1094 (7th Cir. 2022).

My review is guided by the principle that "[t]he ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

## Discussion

Smallwood's first argument for reversal is that the ALJ cherry-picked and mischaracterized the record on the subject of Smallwood's mental limitations. More specifically, Smallwood contends that the ALJ's conclusion about Smallwood's abilities ignores four contrary lines of evidence: (1) that Smallwood is not entrusted with the care of her granddaughter for long periods and that Smallwood's own minor daughter lives with relatives because Smallwood is unable to care for her; (2) the considerable records in evidence from skills coaches provided through the Bowen Center who describe Smallwood's functional difficulties; (3) Smallwood's testimony about being

3

rejected by would-be employers due to the medication she's on; and (4) the mental health treatment Smallwood has received from the Bowen Center. [DE 18 at 12-13.] In her reply, Smallwood focuses this argument on the care she has received from the skills coaches, contending that these records constitute an entire line of evidence contrary to the conclusion that she is capable of sustaining full-time work. [DE 25 at 2.]

Understandably, Smallwood does her own bit of cherry-picking by focusing on evidence that she believes supports her claim of disability. But she is incorrect when she argues that the ALJ ignored these four lines of evidence. On the contrary, the ALJ's decision expressly acknowledges the status of Smallwood's relationships with her minor daughter and granddaughter [AR 18], the evidence of Smallwood's life coaches concerning her limitations [*id*.], Smallwood's testimony that potential employers rejected her because of her medications [*id*.], and her history of treatment with the Bowen Center [*id*. at 19-20]. Although the ALJ is not required to address every piece of evidence in the lengthy administrative record , the ALJ has acknowledged each of the points Smallwood cites in her argument. *Crowell v. Kijakazi*, 72 F.4th 810, 815 (7th Cir. 2023). That being the case, it is clear that Smallwood is simply asking me to reweigh the evidence in hopes I will come to a different conclusion than the ALJ did with respect to her claim of disability. But the standards governing review of an ALJ's decision do not permit me to perform that sort of reconsideration of the evidence.

Next, Smallwood contends that the ALJ failed to establish that Smallwood is capable of maintaining full-time work, and particularly failed to consider how mental

4

health symptoms wax and wane, such as her unpredictable manic highs and depressive lows. [DE 18 at 14.] In her reply, Smallwood again focuses on evidence that militated against a determination that she could successfully engage in full-time employment. [DE 25 at 4-5.] To repeat, I am not authorized to make my own decision about whether Smallwood is disabled. My role is only to determine whether substantial evidence supports the ALJ's decision. *Shideler*, 688 F.3d at 310. The ALJ's factual findings are conclusive if there is evidence to reasonably support them. *Id.*; *Durham*, 53 F.4th at 1094; 42 U.S.C. §405(g). And "the threshold for such evidentiary sufficiency is not high." *Blestek v. Berryhill*, 587 U.S. __, 139 S.Ct. 1148, 1154 (2019). *See also Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023).

On the subject of the highs and lows of Smallwood's mental health, the ALJ certainly acknowledged – indeed found – that Smallwood suffers from the severe impairment of bipolar schizoaffective disorder. [AR 14.] The ALJ specifically cited to Smallwood's testimony about the unpredictability of her periods of mania and periods of depression, and acknowledged that at times Smallwood presented with or reported mood swings. [AR 18, 20.] But in ultimately finding that Smallwood is not disabled, the ALJ relied on numerous treatment notes that suggest the contrary and which call into question whether her mood swings are in fact incapacitating:

> While Plaintiff reported some seasonal depression in January and February 2021, she stated that it was "manageable," and mental status exams around this time demonstrated fair attention and concentration, consistent with the moderate limitation assessed by the ALJ (Tr. 16, 315, 406-07, 414-17). Indeed, the longitudinal treatment records reflected that

5

> Plaintiff's symptoms were largely stable…(see, e.g., Tr. 394-97, 404-07, 131-33).

[DE 24 at 5.] The ALJ's decision cites medical records on multiple occasions reporting Smallwood's mood swings were stable [AR 19, 20, 21.] In other words, the record is mixed, as it often is in Social Security cases. As a result, the ALJ had to make findings about the degree to which Smallwood's bipolar disorder limits her functional capacity. The record contains, and the ALJ's analysis cites, substantial evidence to support the ALJ's determination that Smallwood was capable of light work within specified cognitive and social limits. In sum, no reversible error is demonstrated.

Smallwood also contends that the ALJ's rejection of the opinions of state agency consultative psychologist Dr. Boen was not adequately supported. [DE 18 at 17-19.] Under 20 C.F.R. §416.920c(a), an ALJ is not required to "defer or give any specific evidentiary weight" to any medical opinion. Instead the ALJ must consider the following factors to determine how much weight to afford a medical opinion: (1) supportability; (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) any other factors that tend to support or contradict the medical opinion. §416.920c(c)(1)-(5). After considering all these factors, the ALJ's written rationale is required to address only the factors of supportability and consistency. §416.920c(b). Once again, I must affirm the ALJ's determination of the relative weight of different medical opinions if it is supported by substantial evidence. *Karr v. Saul*, 989 F.3dd 508, 511 (7th Cir. 2021).

6

When considering medical source opinions, an ALJ must consider the factors enumerated in the applicable regulations, but then may assign the opinion whatever weight she deems appropriate so long as she "minimally articulates" her reasoning. *Crowell*, 72 F.4th at 816.  If the regulatory facts are considered, "we must allow that decision to stand so long as the administrative law judge minimally articulated his reasons – a very deferential standard that we have, in fact, deemed 'lax.'" *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008)  (cleaned up) (citing *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008). *See also Crowell*, 72 F.4th at 816.

Dan Boen, Ph.D., performed a mental status consultative exam of Smallwood in January 2021.  [AR 20.]  The ALJ's decision contains a detailed recap of Dr. Boen's examination and findings.  [AR 20-21.]  The ALJ considered Dr. Boen's opinion that Smallwood "would not have trouble understanding or remembering what she was asked to do on a job but would have difficulty being able to concentrate on the job and stay on task" and "would also have difficulty being able to get along with coworkers and as boss."  [AR 23.]  The ALJ found Boen's opinion "not very persuasive because it is vague," citing the term "difficulty" as unhelpfully non-specific.  [*Id*.]  The ALJ went on to explain that "if Dr. Boen is opining the claimant has more than a moderate limitation in her ability to concentrate and/or interact, the opinion is not supported by [Boen's] examination," which did not involve assessment of those areas of function, and "would not be consistent with the record as a whole."  [AR 23, 24.]

7

To support her finding of inconsistency, the ALJ cites many instances in the record "showing [Smallwood] generally has normal attention and concentration, and normal social interaction" and that she "is generally engaged and happy and/or in good spirits." [AR 24.] The ALJ's decision had earlier contrasted Dr. Boen's notation of Smallwood's deficiencies with numerous citations to "more recent treatment notes" to the contrary. [AR 21.] This is more than a minimal articulation of reasons of unsupportability and inconsistency for finding Dr. Boen's conclusions unpersuasive.

In all events, as the Commissioner points out, the ALJ determined an RFC that took into account similar limitations to the ones that Dr. Boen mentioned and which Smallwood relies on. The RFC limited Smallwood to compliance with "simple instructions related to concrete and tangible tasks", and "a routine work setting free from past paced production requirements... with few, if any, changes in terms of work setting, tools and processes." [AR 17.] These confines are consistent with Dr. Boen's conclusions that Smallwood had below normal concentration, judgment and insight. [DE 18 at 17.]

Smallwood's reply focuses on the argument that the ALJ erred in concluding that Dr. Boen's conclusions were inconsistent with the record, more specifically that the ALJ did not expressly compare or contrast Dr. Boen's conclusions with the "many pages of notes from the Bowen Center skills coaches." [DE 25 at 3.] This is another example of Smallwood attributing to the ALJ a burden to address and expressly evaluate particular evidence. As I have already noted, however, the ALJ's decision is not "required to spell

8

out...every piece of evidence that [s]he considered and then accepted or rejected." *Crowell v. Kijakazi*, 72 F.4th 810, 815 (7th Cir. 2023), citing *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021). I find that the ALJ has more than adequately articulated reasons of supportability and consistency that are sufficient to require my acceptance of her consideration of Dr. Boen's opinions, particularly when the RFC ultimately developed recognizes limitations in the same areas.

Finally, Smallwood argues that the RFC, and the corresponding hypothetical posed by the ALJ to the vocational expert, failed to account for Smallwood's limitations in concentration, persistence and pace. [DE 18 at 21.] The term "residual functional capacity" means conclusions about what a claimant is capable of doing for employment "despite his or her limitations or restrictions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). The ALJ found that Smallwood had a "moderate limitation" in concentration, persistence and pace, but Smallwood contends that the RFC did not adequately reflect those limitations. [AR 16; DE 18 at 22-23.] Smallwood's reply adds nothing to this argument and does not offer any rebuttal of the Commissioner's opposition, but merely "stands by" the arguments previously made. [DE 25 at 6.]

There is no disagreement that an ALJ's hypothetical to a vocational expert must include all limitations that are supported by the medical evidence. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). The issue raised is whether the ALJ's RFC formulation sufficiently captured Smallwood's moderate limitations in concentration, persistence and pace. This is one of many instances too frequently encountered in the security

9

context where review of a disability determination is urged to turn on the use or misuse of buzzwords rather than substantive meaning. But the Seventh Circuit has "clarified that an ALJ has some latitude with the exact wording of an RFC as long as it conveys in some way the restrictions necessary to address a claimant's limitations." *Recha v. Saul*, 843 Fed.Appx. 1, 4 (7th Cir. 2021).The Commissioner points out that Smallwood's "concentration, persistence and pace" argument relies on case law that is "inapplicable and distinguishable" in view of more recent decisions. [DE 24 at 5.] Most recent among the cases Smallwood relies on is *Moreno v. Berryhill*, 882 F.3d 722 (7th Cir. 2018), in which the Seventh Circuit repeated its prior holding that a hypothetical limiting a claimant to "simple, routine tasks" does not "adequately capture" limitations in concentration, persistence and pace. *Id*. at 730.

More recently, however, the Seventh Circuit has applied the definition of "moderate" added to the regulations in 2017, meaning "fair" rather than "bad" or "inadequate," and held that "a 'moderate' limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace." *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). This court has since found that an RFC that "included the ability to 'understand, carry out, and remember simple, routine and repetitive tasks not at assembly-line type production pace with only occasional, simple work-related decisions' and required that 'changes should occur no more than occasionally and be gradually introduced'" adequately addressed moderate limitations in concentration, persistence and pace. *Hoskins v. Kijakazi*, Cause No. 1:21-

CV-469-TLS-SLC, 2022 WL 17665088, at *5 (N.D.Ind. Dec. 14, 2022).  Applying *Pavlicek*, another district judge held that an ALJ "accommodated the Plaintiff's moderate limitations in consistence, pace, and persistence, by restricting him to 'simple, routine, repetitive tasks' and simple work-related decisions in an environment with limited changes and without fast-paced production." *Ethan B. v. Kijakazi*, Case No. 21-cv-50014, 2023 WL 3864981, at *4 (N.D.Ill. June 7, 2023).

The RFC in this case similarly limits Smallwood to "simple instructions related to concrete and tangible tasks" in "a routine work setting free from fast paced production requirements" and "few, if any, changes in terms of work setting, tools and processes." [AR 17.]  The RFC's mental limitations are supported by substantial evidence of record because they were based on the findings of State disability psychological consultants who translated their findings into similar narrative explanations.  [AR 24, 99, 107.] "[A]n ALJ may reasonably rely upon the opinion of a medical expert who translates these findings into an RFC determination...The ALJ appropriately relied on the narrative statement in crafting the hypothetical to the vocation expert and the RFC." *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir.2019).   The RFC's treatment of Smallwood's concentration, persistence and pace limitations is similar to those approved by the Seventh Circuit in recent cases.  *See, e.g., Weber v. Kijakazi*, No. 20-2990, 2021 WL 3671235, at *5 (7th Cir. Aug. 19, 2021) (there is no "categorical rule" that restriction to simple tasks can never adequately accommodate moderate CPP limitations); *Delon v. Saul*, 844 Fed.Appx. 894, 900 (7th Cir. 2021); *Recha*, 843 Fed.Appx. at

11

4 (rather than require particular terminology, the court affirms RFC's excluding tasks that someone with the claimant's limitations cannot perform); *Bruno v. Saul*, 817 Fed.Appx. 238, 242 (7th Cir. 2020).

The ALJ reviewed and considered all the evidence relating to Smallwood's mental limitations, including treatment records of the Bowen Center and the examinations by Dr. Boen. [AR 19, 20, 21, 24.] Ultimately the ALJ herself characterized the RFC as finding "further limitations in understanding, remembering, and applying information" than found by the psychological consultants. Finding fault with the ALJ's residual functional capacity formulation, Smallwood fails to offer any formulation that would, in her view, adequately capture her mental limitations. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Smallwood shows no basis for reversal in the ALJ's accounting for her limitations in concentration, persistence, and pace.

## Conclusion

The ALJ sufficiently articulated her findings and conclusions to permit meaningful judicial review, so a remand is not warranted for lack of explanation. Beyond that, my role is not to determine whether the plaintiff was, in fact, disabled during the relevant time period, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Applying these standards, I will affirm the Commissioner's denial of benefits.

In reviewing the ALJ's decision, I may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [my] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus*, 994 F.3d at 900. *See also Crowell*, 72 F.4th at 814. After consideration of each of Smallwood's assertions of error, I conclude that substantial evidence supports the ALJ's determination that Smallwood was and is not disabled, and the ALJ's decision provides a logical bridge between the evidence and the result. *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021).

**ACCORDINGLY:**

The decision of the Commissioner of Social Security denying Charlotte Smallwood-Wolf's 's application for supplemental security income benefits is AFFIRMED.

The Clerk shall enter judgment in favor of the defendant Commissioner and against plaintiff Smallwood-Wolf.

ENTERED: October 31, 2023.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT